SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (SBN 254860)
jaredhartman@jmhattorney.com

Attorneys for Plaintiffs
KARLA SALAZAR & DANIEL SALAZAR

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA SALAZAR, an individual, and DANIEL SALAZAR, an individual<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, a National Association; and DOES 1-10,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>　　**1. CALIFORNIA ROSENTHAL ACT,**<br>　　**2. NEGLIGENCE,**<br>　　**3. TELEPHONE CONSUMER PROTECTION ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

　　Plaintiffs, both individuals, by and through their attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complain and allege as follows:

### INTRODUCTION

　　1.　　Plaintiffs, through their attorneys, brings this action to challenge the actions of Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant WF") for

1
**Complaint for Damages**

1 unlawful harassment in connection with alleged debt collection activity, and for calling Plaintiff DANIEL's wireless cellular telephone multiple times—without prior express consent—by utilizing an automatic telephone dialing system (ATDS).

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on

TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature issued the following findings and purpose in creating the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"):

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

7. Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and the State of California RFDCPA, and California Tort for Negligence, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5. Because Defendant conducts business within the State of California by maintaining a registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, in the City of Sacramento, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff KARLA resided in the City of Norco, County of Riverside, and Plaintiff DANIELA resided in the City of Santa Ana, County of Orange, and witnesses are located within those locations, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiffs are both natural persons.

4
**Complaint for Damages**

8. Defendant WF regularly does business in the State of California and maintains an agent for service of process within the State of California.

9. Plaintiffs are both natural persons, and are therefore both a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

10. Plaintiff DANIEL, a natural person, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, because he was allegedly obligated to pay a consumer debt to Defendant that arose out of a loan for financing Plaintiff's education.

11. Although Plaintiff KARLA was not obligated to pay a consumer debt to Defendant, she is considered an aggrieved party by Defendant's unlawful conduct and therefore has standing to bring suit despite not being a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act. *See Wright v Finance Service* (6th Cir. 1994) 22 F3d 647; *Hoffman v GC services* (East. Dist. Tenn. 2010) 2010 US Dist LEXIS 139509; *Isaac v RMB* (No. Dist. Alabama 2014) 2014 US Dist LEXIS 97543; *Davis v Midland* (East. Dist. Calif. 2014) 2014 US Dist LEXIS 109309.

12. The credit extended by Defendant constitutes a "consumer credit transaction" with Plaintiff DANIEL, as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act, because finances were provided to him as a home mortgage loan in exchange for him to re-pay Defendant the principal plus interest in the future.

13. Because Plaintiff DANIEL, a natural person, was allegedly obligated to

1 pay money to Defendant for home loan financing, the money allegedly owed was
2 therefore both a "consumer debt" as that term is defined by California Civil Code §
3 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by California Civil
4 Code § 1788.2(d) of the Rosenthal Act.

5     14.     Defendant, in the ordinary course of business, regularly, and on behalf of
6 themselves, engages in the practice of collecting "consumer debts", and thereby
7 engages in "debt collection" as that term is defined by California Civil Code section
8 1788.2(b) of the Rosenthal Act.

9     15.     Because Defendant engages in "debt collection", Defendant is therefore a
10 "debt collector" as that term is defined by California Civil Code section 1788.2(c) of
11 the Rosenthal Act.

12     16.     With regards to the TCPA cause of action, Plaintiff DANJIEL is, and at all
13 times mentioned herein was, a citizen and resident of the State of California, and
14 therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

15     17.     Defendant, is and at all times mentioned herein was, a corporation and is a
16 "person," as defined by 47 U.S.C. § 153(39).

17 <center>**FACTUAL ALLEGATIONS**</center>

18     18.     In January of 2013, Plaintiff DANIEL refinanced his home mortgage laon
19 at the address, 1318 N. Spurgeon Street, Santa Ana, California 92701 with Defendant,
20 Wells Fargo.

21     19.     Plaintiff DANIEL and Defendant were previously been involved in a civil

1 action filed in June of 2013 in the Superior Court for the County of Orange under case 2 number 30-2013-00654791, which alleged various violations of RFDCPA and TCPA in 3 connection with debt collection methods exacted upon Plaintiff DANIEL.

4     20.     The lawsuit above was dismissed upon confidential settlement terms, 5 without Defendant admitting any liability.

6     21.     Plaintiff DANIEL's due date for his home mortgage loan is not until the 7 15th of every month.

8     22.     Ever since Plaintiff DANIEL has owed this home mortgage loan to 9 Defendant, he has always paid the monthly payments late and has always paid the late 10 fee in addition to his monthly amount.

11     23.     Defendant did not start initiating collection activity upon Plaintiff 12 DANIEL for these late payments until March of 2013, although his habit for making 13 these payments late every month was readily identifiable from his payment history.

14     24.     Plaintiff DANIEL has never once actually gone into default on his home 15 mortgage loan with Defendant, as he has always made his monthly payments by the end 16 of every month.

17     25.     Plaintiff DANIEL has even had telephonic conversations with Defendant's 18 collection agents and has repeatedly informed them that he always pays his mortgage 19 loan at the end of every month and he will continue to do so as that is when his finances 20 allow him to make the payments.

21     26.     Once the lawsuit identified above was served upon Defendant, the

collection activity ceased.

27. For some unknown reason, however, starting November 4, 2014, Defendant began calling Plaintiff DANIEL's mother—Plaintiff KARLA—upon her residential landline and informed her that they are looking for Plaintiff DANIEL.

28. Plaintiff KARLA has repeatedly told Defendant's collection agents that Plaintiff DANIEL does not live with her and she is not involved in any manner with Plaintiff DANIEL's loan with Defendant, and on multiple occasions she has insisted that Defendant not call her any more.

29. However, Defendant has called Plaintiff KARLA at least 35 times between November 4, 2014 and November 21, 2014, and the calls continue to occur to this day.

30. Starting November 15, 2014, Defendant began calling Plaintiff DANIEL's wireless cellular telephone with an automatic telephone dialing system ("ATDS").

31. Every call placed to Plaintiff DANIEL's cellular telephone resulted in him having to wait a few seconds upon answering the call and saying hello multiple times until a live agent connected, which has given DANIEL information and belief that Defendant's calls to his cellular telephone were placed with an ATDS.

32. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the

1 | dialers attempt to connect the recipient with a live agent of the debt collector.

2 | 33.  The calls to Plaintiff DANIEL's cellular telephone were not for emergency
3 | purposes, as they were intended solely for debt collection activity.

4 | 34.  On November 18, 2014, Plaintiff DANIEL faxed a letter to Defendant
5 | insisting that they not call him or his mother any more, and only communicate with him
6 | in writing.

7 | 35.  As such, starting November 18, 2014, Defendant had express written
8 | instructions to not call either Plaintiff, which effectively revoked any prior express
9 | consent that Defendant could claim it had received from Plaintiff DANIEL.

10 | 36.  However, Defendant has still placed at least 10 calls to Plaintiff KARLA's
11 | residential landline and at least 4 calls to Plaintiff DANIEL's cellular telephone with an
12 | ATDS since DANIEL faxed his written letter.

13 | 37.  The calls to both Plaintiff KARLA and to Plaintiff DANIEL continue to
14 | this very day.

15 | 38.  Defendant's unlawful harassment in connection with unnecessary debt
16 | collection activity has caused significant emotional harm to both Plaintiffs.

17 | 39.  Plaintiff KARLA underwent a cardiac procedure on October 30, 2014 and
18 | was advised by her doctor to avoid incurring any stress during her on-going recovery
19 | over the next 4 weeks, and she is also grieving over her mother-in-law's passing on
20 | November 8, 2014.

21 | 40.  Given the timing of Defendant's harassment by repeatedly calling Plaintiff

1  KARLA at least 35 times between the dates of November 4th and November 21st, during

2  a time when she is grieving over her mother-in-law's passing on November 8th and also

3  recovering from a cardiac procedure on October 30th, Plaintiff KARLA has suffered

4  mental and emotional distress by way of anxiety, anger, heart fluttering, shakiness, loss

5  of sleep, and feelings of despair.

6       41.   Given that Defendant has been repeatedly harassing his elderly mother

7  during this unfortunate time for her, and has been doing so unnecessarily because of

8  Defendant being readily aware that Plaintiff DANIEL always pays his monthly

9  mortgage payments at the end of the month, Plaintiff DANIEL has suffered mental and

10  emotional distress by way of anxiety, anger, loss of sleep, and feelings of despair.

**FIRST CAUSE OF ACTION**
**(ON BEHALF OF BOTH PLAINTIFFS)**
**CALIF. ROSENTHAL ACT**
**CALIF. CIV. CODE §§ 1788-1788.32**

14       42.   Plaintiffs repeat, re-allege, and incorporate by reference all other

15  paragraphs, as if fully set forth herein.

16       43.   By repeatedly calling Plaintiff KARLA despite her clear insistence that

17  Plaintiff DANIEL does not live with her and she has nothing to do with his home loan

18  with Defendant and also insisting that Defendant stop calling her, Defendant has

19  engaged in engaged in unfair and unconscionable means in an attempt to collect a debt

20  in violation of 15 U.S.C. § 1692f of the Federal FDCPA; has communicated with her

21  more than once in violation of 15 U.S.C. § 1692b(3) of the Federal FDCPA; and has

10
**Complaint for Damages**

1  engaged in conduct the natural consequence of which is to harass, oppress, or abuse any

2  person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d of

3  the FDCPA; and these violations of the FDCPA constitute violations of the RFDCPA as

4  they have been incorporated therein by Calif. Civ. Code § 1788.17.

5      44.    By repeatedly calling Plaintiff DANIEL's mother KARLA despite both his

6  and her clear insistence that Defendant stop calling her, and they have also continued to

7  call Plaintiff DANIEL despite his clear insistence that they stop calling him, Defendant

8  has engaged in engaged in unfair and unconscionable means in an attempt to collect a

9  debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA; has engaged in conduct

10  the natural consequence of which is to harass, oppress, or abuse any person in

11  connection with the collection of a debt in violation of 15 U.S.C. § 1692d of the

12  FDCPA; and these violations of the FDCPA constitute violations of the RFDCPA as

13  they have been incorporated therein by Calif. Civ. Code § 1788.17.

14      45.    As a result of these violations, Plaintiffs have suffered severe emotional

15  distress as described in the factual allegations above.

**SECOND CAUSE OF ACTION**
**(ON BEHALF OF PLAINTIFF KARLA)**
**(NEGLIGENCE)**
**CALIF. CIVIL CODE § 1714**

19      46.    Plaintiff KARLA repeats, re-alleges, and incorporates by reference all

20  other paragraphs, as if fully set forth herein.

21      47.    As Plaintiff KARLA is a natural person who was the subject of multiple

deliberate efforts by Defendant to contact her to obtain location information of her son—Plaintiff DANIEL—Defendant consequently owed Plaintiff KARLA a duty of care to not harm her with their want of ordinary care or skill.

48. Defendant's persistent and unrelenting acts of harassment by placing an obscene and unreasonable amount of phone calls to Plaintiff KARLA despite her repeated insistence that such phone calls cease, Defendant breached their duty of care owed to her, and thereby caused her severe emotional distress by way of anxiety,, worry, stress, heart fluttering, shakiness, and loss of sleep.

49. Defendants are therefore liable for Plaintiff's harm as a result of their want of ordinary care or skill in the management of their property or person.

50. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by California Civil Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff KARLA's rights to not be called by Defendant for something that she has absolutely no involvement with and despite her and Plaintiff DANIEL's insistence that Defendant not call Plaintiff KARLA.

### THIRD CAUSE OF ACTION
### (ON BEHALF OF PLAINTIFF DANIEL)
### (TCPA)
### 47 U.S.C. § 227(b)

51. Plaintiff DANIEL repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

52. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular phone at least 4 times after he faxed a letter to Defendant insisting that they stop calling him, and the calls were therefore without Plaintiff's prior express consent and as debt collection attempts the calls were not for emergency purposes.

53. Upon information and belief, these violations of the TCPA were knowing and willful because Defendant has been the subject of multiple lawsuits over TCPA phone calls placed to consumers—including one lawsuit filed by Plaintiff DANIEL against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action for both Plaintiffs individually (Calif. RFDCPA):**

1. An award of actual damages for each Plaintiff individually pursuant to California Civil Code section 1788.30(a), as will be proven at trial; plus

2. An award of statutory damages of $1,000.00 for each Plaintiff individually pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3. An additional award of statutory damages of $1,000.00 for each Plaintiff individually pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal

1  Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other

2  remedies pursuant to California Civil Code § 1788.32; plus

3      4.    An award of costs of litigation and reasonable attorney's fees, pursuant to

4  Cal. Civ. Code section 1788.30(c).

5  **As to the Second Cause of Action for Plaintiff KARLA (Negligence):**

6      1.    For compensatory damages as will be proven at trial, pursuant to

7  California Civil Code § 3333;

8      2.    Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;

9      3.    Punitive damages to be determined at trial, for the sake of example and

10 punishing Defendant for their malicious conduct, pursuant to Calif. Civ. Code §

11 3294(a);

12     4.    For other and further relief as the court may deem proper.

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

**As to the Third Cause of Action for Plaintiff DANIEL (TCPA):**

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

DATED: 11/21/2014                    /s/ Jared M. Hartman, Esq.
                                     JARED M. HARTMAN, ESQ.
                                     Attorney for Plaintiff,

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 11/21/2014                    /s/ Jared M. Hartman, Esq.
                                     JARED M. HARTMAN, ESQ.
                                     Attorney for Plaintiff,